### Palmer *v.* Palmer.

The reasonable expenses incurred by the guardian of an insane person, in resisting the application for a revocation of the guardianship on the ground of his restoration to sanity, when it admits of any reasonable doubt and the guardian appears to have incurred the expenses in good faith, for the purpose of a proper enquiry into the condition of the ward, are to be allowed to the guardian in the settlement of his guardianship account.

An auditor, appointed by this court to report the facts in the case of a probate appeal, is at liberty, in the exercise of his discretion, to examine the parties as witnesses in the same manner as an auditor appointed under the statute in a suit at common law to state the accounts between the parties.

APPEAL from a decree of the judge of probate, allowing the guardianship account of the appellee as guardian of the appellant, while an insane person. Among the reasons of appeal which was taken by the ward, is the following: because the judge of probate allowed the guardian the sum of eighty-four dollars on account of expenses at the probate court, a part of which were incurred in resisting the application of the ward for a revocation of the guardianship. The appeal was referred to an auditor, with instructions to enquire and report the facts. At the

Palmer *v.* Palmer.

hearing before him, the ward offered himself as a witness, but the auditor held that he was not authorized, in the exercise of his discretion, to admit him. The further statement of facts, so far as they are necessary to an understanding of the case, will appear in the opinion of the court.

*Wood,* for the guardian.

*Morrison & Stanley,* for the ward.

SAWYER, J. Part of the eighty-four dollars allowed to the guardian by the judge of probate was for expenses incurred in resisting the application made by the ward for a revocation of the guardianship, on the ground of his restoration to sanity. It is objected that, as the ward was in fact restored, the guardian should have made no opposition to the revocation, and the expenses incurred in this respect ought not to have been allowed.

The auditor reports that the expenses were incurred by the guardian in good faith, and under a reasonable doubt whether the ward was so far restored as to render the continuance of the guardianship unnecessary. The facts reported justify the auditor in this conclusion. When the petition of the ward for the revocation was served upon him, the guardian made enquiry of those persons who had the best opportunity to judge of the condition of the ward, conferred with his relatives, family connections and neighbors, and upon their expressing strong doubt of his restoration, consulted an attorney-at-law as to what his duty required; and upon being advised that he should present the facts fully to the judge of probate, made the necessary and proper preparations for a hearing before him.

The revocation of the guardianship in such cases is not to be made until the cause for which it is granted is removed. If this is a matter so obvious that no reasonable

doubt can be entertained on the subject, it is the duty of the guardian to promote instead of resisting the revocation. But it is equally his duty, when the case is such as to admit of question, to present the facts fully to the judge. The interests of the ward, as well as sound reasons of public policy, require that the investigation should not be an *ex parte* one. The ward is not required or expected to produce evidence tending to show that the cause of guardianship is not removed. If the guardian should refrain from opposition for the reason that he apprehends the result may possibly show that the cause is removed, and he thereby be exposed to loss of the expenses incurred, the consequence will be that in many cases the revocation will be made upon unsatisfactory evidence, and when possibly the interests of the ward require that the guardianship should continue unrevoked. When the guardian, as in this case, proceeds in good faith, and in the exercise of a sound discretion, to try a doubtful question, the recovery of his reasonable expenses incurred in trying it should not be made to depend upon the result.

The citation for a settlement of the guardianship account was issued by the judge of probate prior to the passage of the act of June 27, 1857, making parties witnesses in all civil causes which were not then pending. When the appeal was entered in this court, in conformity to the practice, it was referred to an auditor or master, with instructions to inquire into and report the facts. The hearing was had before the auditor prior to the passage of the act of June 25, 1858, extending the provisions of the former act to pending causes. Each party offered himself as a witness before the auditor, and was rejected by him on the ground that the statute of June 27 had no application to the case; but he also ruled that he had no discretionary power to admit the parties to testify. In so ruling, the auditor erred. In hearings of this nature before masters or auditors, whether appointed under the statute

Palmer *v.* Palmer.

to state the accounts between the parties in a common law action, or to ascertain the amount for which a party is to account in equity or probate proceedings, the practice has long prevailed in this State to permit the parties to testify, in the exercise of a sound discretion by the auditor or master, when they stand upon equal ground. In this case the state of the accounts between the parties in reference to the guardianship, was the matter to be inquired into by the auditor, and he was at liberty, in the exercise of his discretion, to put the accounting party on oath, and in his discretion to allow the adverse party also to testify, unless there appeared to be reasons of a peculiar character for excluding one or both. The statute authorizing the appointment of auditors in suits at common law, does not, in terms, empower the auditor to receive the testimony of the parties, but such is the well settled practice under it, and it is equally well settled, so far as long continued acquiescence in it may be understood to settle it, in probate proceedings. The auditor was at liberty, in the exercise of his discretion, to receive the testimony of the ward to impeach the account of the guardian; and having declined to receive it on the ground that he had no such discretion, the report may be recommitted at the election of the ward; not, however, for the purposes of a general hearing before the auditor, but for the purpose of his receiving the testimony of the parties, unless he shall see cause, in the exercise of a sound discretion, for excluding it.

The report being thereupon recommitted to the auditor, he reported, at the same term, that each of the parties offered himself as a witness, and was rejected, in the exercise of the auditor's discretion, on the ground that, one of the parties being insane when the guardianship account accrued, they did not stand on equal ground as witnesses in reference to the state of the accounts; and the decree of the judge of probate was affirmed.